FERDINAND PANTHER, Appellee, v. FRED TRAUMAN, Appellant.

Partition Fences: KIND OF FENCE: AGREEMENT CONSTRUED.   Where the owners and occupants of adjoining farms agreed to erect and maintain each a certain part of a division fence, and one of them kept hogs and the other did not, and, without any agreement as to the kind of fence to be maintained, they each built, and for sixteen years maintained, a hog-tight rail fence, *held*, that no obligation arose therefrom to maintain a hog-tight fence, but that it was the right of the one who did not keep hogs, when his part of the fence required renewing, to replace it, without previous agreement, but with notice to the other party, with a fence which was not hog-tight, provided it was a lawful fence, as prescribed by statute, and that for depredations committed by the hogs of the other party, which came upon his land through such lawful fence, he was entitled to recover.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTH, Judge.

SATURDAY, OCTOBER 7, 1893.

THIS is a proceeding to recover damages alleged to have been wrongfully caused by swine owned by the defendant.   From an assessment made by the township trustees in favor of the plaintiff the defendant appealed to the district court.   A submission of the cause in that court resulted in a judgment in favor of the plaintiff, from which the defendant appeals. *Affirmed.*

*A. H. Stutsman*, for appellant.

*W. W. Dodge*, for appellee.

ROBINSON, C. J.—The trial court has certified for the determination of this court questions as follows:

"(1) When two farmers in this state agree between themselves to erect and maintain each a certain part of a partition fence dividing their land, and one of them keeps swine on his premises, and the other none, and without express agreement as to the kind of fence to be kept, or whether to be hog-tight or not, they each maintained a rail fence for sixteen years under said agreement, of their respective parts of said fence, can one of them, without a previous agreement, but with notice to the other, change from a tight rail fence which he has erected and maintained, and which needs repairing and rebuilding, because old and rotten, to a post and barbed wire fence, composed of good posts, not more than one rod apart, with the lower barbed wire not more than twenty nor less than sixteen inches from the ground, and the upper wire not more than fifty and not less than forty-eight inches in height, recover damages from the one who keeps swine upon his premises, with the knowledge of the other, for waste committed by such swine passing under said fence upon the premises of the one who erected the new fence, the herd law of the state being in force in Des Moines county?

"(2) Can a party whose duty it is to erect and maintain a partition fence, when he knows the other keeps swine upon his premises, change the fence composed of rails to one composed of posts and barbed wire, under which the swine could pass, with notice, but without a previous arrangement with the adjoining owner or order of the fence viewers, recover damages from trespass of such swine in going upon his premises under said fence?"

It will be noticed that the agreement certified did not specify the kind of fence which should be maintained; that the one actually maintained for sixteen years had become old and decayed, and needed repairing and rebuilding, and that the one erected to take

its place was made of posts and barbed wire. So far as described, it is a lawful fence, within the definition of section 1507 of the Code, as amended. It is claimed by the appellee, and not denied by the appellant, that it was a lawful fence, and for the purposes of this appeal it must be so regarded. That it would not prevent the passing of swine is shown. Section 1489 of the Code provides that "the respective owners of lands inclosed with fences shall keep up and maintain partition fences between their own and the next adjoining inclosure so long as they improve them in equal shares, unless otherwise agreed between them." It is not shown that this case falls within that provision. Assuming that it does, however, the fence required by it is only a lawful fence, when both the owners or occupants of the adjoining· inclosures do not use them for the purpose of pasturing swine or sheep. If either of such owners or occupants desires to have the partition fence made tight, he has the right to make it so at his own expense, and may take from it the material he added to it whenever he elects so to do. Code, section 1507.

It is contended by the appellant that the effect of the agreement, coupled with the fact that a tight fence was maintained under it by plaintiff for sixteen years, required him to maintain that kind of a fence so long as both parties improved the adjoining inclosures in equal shares, unless they should agree to do otherwise. We find no authority for such a conclusion in the agreement. In the absence of specifications or other means for determining the kind of fence contemplated, it will be presumed to have been any one which should meet the requirements of the statute. We conclude that the questions certified must be answered in the affirmative. The judgment of the district court is, therefore, AFFIRMED.